856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl McFALL, Plaintiff-Appellant,
v.
Martha Layne COLLINS, Governor; George Wilson, Individually
and In His Capacity as Secretary of Corrections; Al C.
Parke, Individually and In His Capacity as Commissioner of
Corrections; Dewey Sowders, Warden, Northpoint Training
Center; Tim Napier, Adjustment Committee Chairman; Angela
Walker, Adjustment Committee/Member, Classification and
Treatment Office; David Jones, Adjustment Committee/Member,
Correctional Officer; Charles Wheatley, Captain, Shift
Commander; Michael Johnson, Lt., Investigative Officer;
Bobby Durham, Correctional Officer, Defendants-Appellees.
 No. 88-5176.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Kentucky prisoner brought this civil rights suit under 42 U.S.C. Sec. 1983 claiming that the defendants violated his due process rights because they did not permit him to call a witness at his disciplinary hearing nor did they state their reasons for doing so. He also claimed that he was subjected to cruel and unusual punishment when the prison shift commander verbally abused him. The defendants are the members of the Adjustment Committee, the investigating officer, the officer who issued the incident report, the warden, and the former Governor of Kentucky.
 
 
 3
 The district court decided that plaintiff failed to state a claim of constitutional magnitude and that several defendants were entitled to immunity. The district court therefore dismissed the complaint against all defendants.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of the suit. Plaintiff did not suffer a loss of his liberty as a result of any impropriety at his disciplinary hearings. While plaintiff complains of the manner in which his first hearing was conducted, he simply does not have a due process interest in procedural due process. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 5
 In addition, the district court properly dismissed the former Governor, the Commissioner of Corrections, and the Secretary of Corrections because plaintiff did not allege that they were directly involved in any constitutional deprivation, nor did he allege any custom or policy maintained by these defendants which led to the violation of his rights. See Polk County v. Dodson, 454 U.S. 312 (1981); Rizzo v. Goode, 423 U.S. 362 (1976).
 
 
 6
 Plaintiff also failed to plead a cognizable claim against defendant Wheatley. Allegations of verbal harassment do not rise to the level of unnecessary and wanton infliction of pain proscribed by the eighth amendment. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976), cert. denied, 434 U.S. 974 (1977).
 
 
 7
 Finally, plaintiff is not entitled to any relief simply because he did not receive a complete record of the proceedings. In addition, we will not consider plaintiff's claim that he was subjected to cruel and unusual conditions of confinement because this issue was not first raised in district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 8
 Accordingly, the district court's order dismissing the complaint is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.